# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CARL RAY POORE,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:22CV00070 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNKNOWN,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Carl Ray Poore, Pro Se Petitioner.*

Carl Ray Poore, a North Carolina inmate, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He challenges a delay in allowing him to serve a prison sentence imposed by a Virginia state court, arguing that Virginia authorities should have taken custody of him after an earlier North Carolina sentence was vacated and before he was re-convicted and re-sentenced in North Carolina. Upon review of this matter pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the Petition without prejudice.

On July 1, 2015, Poore was sentenced to 110 to 144 months imprisonment following his conviction for grand larceny in Wilkes County, North Carolina. Shortly before, on June 15, 2015, a grand jury in Carroll County, Virginia, indicted Poore on nine counts of grand larceny and one count of altering a vehicle identification number. Based on the Indictment, a detainer was lodged with the

North Carolina Department of Public Safety, which acknowledged the detainer on September 4, 2015, providing a copy to Poore.  The Department of Public Safety projected Poore's North Carolina prison release date as May 26, 2025.

On November 5, 2015, a request was made to the prosecutor in Virginia requesting a speedy trial on the outstanding Virginia charges, in accord with the Interstate Agreement on Detainers.  In response, Poore was returned to Carroll County and pursuant to a plea agreement the Virginia court sentenced Poore to 48 years imprisonment, with all but 28 months suspended, conditioned on ten years of supervised probation upon his release.  Poore was then returned to the custody of North Carolina officials, and Virginia lodged a detainer with North Carolina, requesting that he returned to Virginia for service of the Virginia sentence upon completion of his North Carolina sentence.

The North Carolina Court of Appeals thereafter vacated Poore's North Carolina conviction on July 3, 2018, finding the Indictment fatally flawed.  The North Carolina Supreme Court declined further review of the case, and on September 11, 2019, North Carolina provided Poore papers entitled, "Official Release Document" and "Certificate of Restoration of Forfeited Rights of Citizenship." Pet. Attach. at 1–2, ECF No. 1-2.  Instead of being actually released, Poore was transported to the Wilkes County Jail, in the custody of the Wilkes County Sheriff's Department, to be prosecuted anew for the grand larceny offense.  He was

again convicted and on January 22, 2020, the North Carolina court again sentenced Poore to 110 to 144 months in prison.

Between September 11, 2019, and January 22, 2020, Poore contacted the Virginia authorities, requesting that it take custody of him to serve his Virginia sentence, asserting that his official release from the July 2015 conviction rendered it appropriate for Virginia to then take custody. In response to his inquiry, the Detainer Coordinator with the Virginia Department of Corrections notified Poore on October 17, 2019, that Virginia would arrange for his return when Wilkes County authorized his release, noting that "[t]he Virginia Department of Corrections does not have the authority to modify the sentence or holds due to legal proceedings in North Carolina." Pet. Attach. at 9, ECF No. 1-2.

The Virginia Department of Corrections periodically updates detainers to the North Carolina Department of Public Safety, and on April 7, 2020, the North Carolina Department of Public Safety acknowledged receipt of the most recent detainer. At that time, Poore's projected release date from the North Carolina sentence was November 7, 2025, and the Department stated that it would notify Virginia approximately thirty days prior to the scheduled discharge date so that Virginia could prepare to accept custody.

Poole seeks habeas relief because he alleges that Virginia's failure to assume custody in September 2019 prevented him from earning credit towards his Virginia

3

sentence during the time before his re-conviction. Poole is not challenging the constitutionality of his Virginia conviction or sentence, but only the failure to bring him to Virginia to start serving his Virginia sentence in September 2019.

For purposes of challenging the Virginia detainer placed upon him, Poore is considered "in custody" within the meaning of § 2254, even though he is currently incarcerated in North Carolina. *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 488–89 (1973). However, he is not challenging the detainer, only the way in which his time has been credited. Virginia does not have to give Poore credit for time served in another state, during which the other state asserted primary jurisdiction over him. Assuming without deciding that Poore has not been given credit for the time from September 11, 2019, through January 22, 2020, Virginia is not the jurisdiction responsible for his incarceration during that time.

Further, before such a claim can be made in federal court, a prisoner must exhaust his state court remedies in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b). The time for which Poore seeks credit relates to his detention on the North Carolina charges after the first conviction was vacated and before the second conviction and sentencing order was entered. Before filing in a federal district court in North Carolina, Poore must exhaust his state remedies in North Carolina. The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. *O'Sullivan v.*

4

*Boerckel*, 526 U.S. 838, 845 (1999).  Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance."  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  Poore has not exhausted his challenge to the calculation of his sentence credit in North Carolina in the state courts of either Virginia or North Carolina.  A federal habeas court cannot grant relief on a habeas petition that has not been properly exhausted in state court.  So long as a state procedure remains available to the petitioner, the district court must dismiss the claim without prejudice, allowing the petitioner to return to federal court, if needed, after the state has had a full and fair opportunity to address the claim.

For the reasons stated above, Poore's Petition will be dismissed without prejudice.

I decline to issue a certificate of appealability because Poore has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable or wrong.

A separate judgment will be entered.

DATED:  December 13, 2022

/s/ JAMES P. JONES
Senior United States District Judge